IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KAP ELECTRIC, INC.** | * | |
| Plaintiff, | * | CIVIL ACTION NO. _____ |
| | * | |
| | * | JUDGE JAMES CAIN |
| **VERSUS** | * | |
| | * | MAGISTRATE JUDGE KAY |
| **XL SPECIALTY INSURANCE COMPANY,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, come, Complainant, KAP Electric, Inc. (hereinafter "Complainant"), and files its Complaint against Defendant XL Specialty Insurance Company (hereinafter "Defendant" or "XL Specialty"), respectfully averring as follows:

**I.     PARTIES**

1.     Made Plaintiff herein is KAP Electric, Inc., a Louisiana Corporation authorized to do and doing business in the Parish of Calcasieu, State of Louisiana.

2.     Made Defendant herein is XL Specialty Insurance Company, a foreign insurance company licensed to do business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent of Service of Process: the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II. JURISDICTION AND VENUE

3. Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

4. Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Complainant is housed in this District, and the Property subject to the dispute between Complainant and Defendant is located in this District.

## III. RELEVANT FACTS

5. At all times relevant hereto, Complainant owned the property ("The Property") located at the following address: 4210-4220 E. Fairview Avenue, Sulphur, Louisiana 70663.

6. At all times relevant hereto, Defendant provided one policy of insurance, Policy Number UM 00083335MA30A, to Complainant, which covered the Property against perils including wind, hail, and water.

7. On August 27, 2020, Hurricane Laura damaged the Complainant's Property causing significant damage to and throughout the buildings, and to the business personal property or contents belonging to Complainant.

8. In the near aftermath of the Hurricane, Complainant reported its loss to their insurer, XL Specialty, and were assigned claim number 4875946.

9. Upon notification of the loss, Defendant inspected the Property and provided estimates on the claim.

10. These estimates, however, grossly underreported the damages to the Property.

11. XL Specialty's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

12. Once Complainant realized Defendant would not adjust their claim fairly, they sent proof of loss and supporting documents to XL Specialty from contractors and engineers.

13. Despite receiving these proofs of loss, Defendant has yet to tender adequate insurance proceeds.

14. Complainant attempted to recover the remaining amount of their damages from Defendant to no avail. Defendant has affirmatively stated that they will pay no more.

15. Defendant's failure to comply with the terms of its own Policy caused and continues to cause significant delay to the repair of Complainant's Property.

16. Upon information and belief, Defendant purposefully and/or negligently failed to timely tender proceeds due Complainant after receiving satisfactory proof of loss.

17. Upon information and belief, Defendant purposefully and/or negligently misrepresented the terms and conditions of the Policy to Complainant.

18. Upon information and belief, Defendant conducted the investigation and claims handling for Complainant's claim in bad faith.

19. Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value and over-depreciated the losses.

20. Upon information and belief, Defendant purposefully or at least negligently failed to include adequate overhead and taxes profit in its estimates of damages.

21. Complainant has incurred additional expenses in making repairs because Defendant failed to timely compensate them for their losses under the Policy.

22. Complainant incurred professional expenses, including expert and/or attorney's fees, to determine that Defendant wrongfully failed to adequately/timely pay on their claims under the Policy.

23. Complainant and Defendant entered into a contractual agreement to extend the filing deadline until January 27, 2023.

### IV.   CAUSES OF ACTION

#### A.   Breach of Insurance Contract

24. Complainant realleges and re-avers the allegations contained in paragraphs 1-23, above, as if restated herein.

25. Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

26. An insurance contract, the Policy, exists between Complainant and Defendant.

27. By purposefully and/or negligently failing to timely tender undisputed insurance proceeds, Defendant breached the insurance contract.

28. By purposefully and/or negligently misrepresenting to Complainant the terms and conditions of the relevant Policy, Defendant breached the insurance contract.

29. By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contract.

30. By manipulating its pricing software to artificially suppress the cost of repairs below market value, Defendant breached the insurance contract.

31. By failing to adequately compensate Complainant for the damages to the Property, as required by the Policy, Defendant breached the insurance contract.

32. Complainant has suffered and continues to suffer damages as a result of these breaches of the insurance contract.

### B. Bad Faith

33. Complainant realleges and re-avers the allegations contained in Paragraphs 1-32, above, as if restated herein.

34. The actions and/or inactions of Defendant in failing to adequately compensate Complainant for the covered losses under the Policy were arbitrary, capricious, and without probable cause – as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

35. Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner that is arbitrary, capricious, or without probable cause violates La. R.S. § 22:1973.

36. "[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and violates La. R.S. § 22:1973.

37. La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

38. Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainant adequate payment in connection with its damages, despite having received satisfactory proof of loss following its own inspection(s) of the Property and after Complainant independently provided documentation of the damages and replacement costs needed.

39. Defendant misrepresented the terms of the Policy in bad faith.

40. Defendant's failure to pay timely for damages Defendant knew, or should have known, existed at the time of the initial adjustment of the relevant claims, was in bad faith.

41. Upon information and belief, further evidence of Defendant's bad faith will be revealed through the discovery process.

## V.    DAMAGES

42. Complainant realleges and re-avers the allegations contained in Paragraphs 1-41 above, as if restated herein.

43. Defendant is liable to Complainant under the following legal theories:

   a. Breach of Contract;

   b. Bad faith claims adjusting practices, including but not limited to failing to adequately adjust Complainant's claims; failing to timely initiate loss adjustment; misrepresentation of the terms of the applicable insurance Policy; purposeful or negligent under-scoping of damages leading to a failure to pay the relevant claims; purposeful price manipulation leading to a failure to pay the relevant claims; failure to pay timely for damages XL Specialty knew, or should have known, existed at the time of the original adjustment; failing to timely tender adequate supplemental payment(s), etc.; and

   c. Negligent claims adjusting practices leading to the incurrence of professional fees.

44.     As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Complainant has incurred the following non-exclusive damages:

    a. Diminution of the value of the Property;

    b. Actual repair costs;

    c. Consequential Damages;

    d. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

    e. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

## VI.   JURY DEMAND

45. Complainant requests a trial by jury.

**WHEREFORE,** Complainant, KAP Electric, Inc., prays that Defendant XL Specialty Insurance Company be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainant, KAP Electric, Inc. against Defendant XL Specialty Insurance Company, in an amount that will fully and fairly compensate Complainant pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for penalties and attorney fees, for all costs of these proceedings, and for all general and equitable relief.

                                              Respectfully submitted,

                                              */s/ Michael G. Hodgkins*
                                              **VERON, BICE, PALERMO & WILSON, L.L.C.**
                                              Michael G. Hodgkins (#20862)
                                              Katherine B. Remy (#38876)
                                              721 Kirby Street (70601)
                                              P.O. Box 2125
                                              Lake Charles, Louisiana 70602

Phone: (337) 310-1600
Fax: (337) 310-1601
E-mail:mgh@veronbice.com
katherine@veronbice.com

***ATTORNEYS FOR PLAINTIFF***

**PLEASE SERVE:**

**XL SPECIALTY INSURANCE COMPANY**
**THROUGH ITS AGENT FOR SERVICE:**
**LOUISIANA SECRETARY OF STATE**
**8585 Archives Avenue**
**Baton Rouge, Louisiana 70809**